United States Bankruptcy Court
Southern District of Indiana

In re:                                                          Case No. 14-00827-JMC
Andrew Michael Duncan                                           Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0756-1          User: jdworkman          Page 1 of 1          Date Rcvd: May 15, 2014
                              Form ID: b18             Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 17, 2014.
db          +Andrew Michael Duncan,   1929 Founders Drive,   Greenfield, IN 46140-2924
12669875    ++COLLECTION ASSOCIATES LLC,   PO BOX 349,   GREENSBURG IN 47240-0349
             (address filed with court: Collection Associates,   1809 N Broadway St,   Greensburg, IN 47240)
12669871    +Caleb Seth Scott Ellis,   98 Gregory Drive,   Pendleton, IN 46064-8953
12669872    +City of Ingalls Fire Dept,   P.O. Box 277,   Ingalls, IN 46048-0277
12669873    +Claims Resource Service,   603 Campbell Technology Parkway,   Campbell, CA 95008-5090
12669874    +Cody D. Hurley,   9084 South 760 West,   Pendleton, IN 46064-9795
12669878    +Dalton S. Moore,   9241 South Tomahawk Trial,   Markleville, IN 46056-9797
12669879    +East Washington Gental Dentist,   9702 East Washington Street,   Suite 200,
             Indianapolis, IN 46229-3631
12669880    +Eastside Endodontics, Inc.,   135 North Shortridge Road,   Suite B-3,
             Indianapolis, IN 46219-8905
12669881    +First Merchants Bank N,   Po Box 792,   Muncie, IN 47308-0792
12669882    +Hancock Physician Network, LLC,   P.O.Box 129,   Greenfield, IN 46140-0129
12669883     Hancock Regional Hospital,   P.O. Box 20830,   Indianapolis, IN 46220-0830
12669885     IMC Credit Services,   P.O.Box 20636,   Indianapolis, IN 46220-0636
12669884    +Imc Credit Services,   6955 Hillsdale Ct,   Indianapolis, IN 46250-2054
12669886     Indiana Physician Management - Hancock L,   4685 Reliable Parkway,   Chicago, IL 60686-0046
12669887    +Irving Radialogist,   7205 Shadeland Station,   Suite 150,   Indianapolis, IN 46256-3918
12669888    +Kenneth James Clark,   6432 Parliment Court,   Pendleton, IN 46064-8525
12669891    +Providers Spec Svcs,   920 Meridian Street,   Anderson, IN 46016-1748
12669892    +Town of Pendleton,   P.O. Box 358,   Pendleton, IN 46064-0358
12669893    +West End Bank Sb,   34 S 7th St,   Richmond, IN 47374-5424

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
12669876    +EDI: CONVERGENT.COM May 15 2014 22:43:00     Convergent Outsourcing, Inc.,
             10750 Hammerly Blvd #200,   Houston, TX 77043-2317
12669877     EDI: CCS.COM May 15 2014 22:43:00     Credit Collection Services,   P.O.Box 55126,
             Boston, MA 02205-5126
12669889    +E-mail/Text: processing@keybridgemed.com May 15 2014 22:54:19     Key Bridge,   2348 Baton Rouge,
             Lima, OH 45805-1167
12669890    +EDI: PRA.COM May 15 2014 22:43:00     Portfolio Recovery Ass,   120 Corporate Blvd Ste 1,
             Norfolk, VA 23502-4962
                                                                                        TOTAL: 4

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2014                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 15, 2014 at the address(es) listed below:
              Christopher L. Isom    on behalf of Debtor Andrew Michael Duncan cisom@bdemlawfirm.com,
                ajones@bdemlawfirm.com
              Gregory S. Fehribach   mjurkiewicz@thefehribachgroup.com,
                gf@trustesolutions.com;mbfehribach@thefehribachgroup.com;GF@trustesolutions.net
              U.S. Trustee   ustpregion10.in.ecf@usdoj.gov
                                                                                        TOTAL: 3

**SO ORDERED: May 15, 2014.**



**James M. Carr**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT                    B18 (rev 02/2013)
Southern District of Indiana
46 E. Ohio St., Rm. 116
Indianapolis, IN 46204

In re:

**Andrew Michael Duncan**,                                Case No. **14–00827–JMC–7A**
SSN: xxx–xx–8068      EIN: NA
    1929 Founders Drive
    Greenfield, IN 46140
        Debtor(s).

### <u>DISCHARGE OF DEBTOR IN A CHAPTER 7 CASE</u>

The Court, after reviewing this case, finds that the debtor is entitled to a discharge.

**IT IS ORDERED** that the the debtor is granted a discharge under 11 U.S.C. § 727.

###

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited
The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged
The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged
Some of the common types of debts which are **NOT** discharged in a chapter 7 bankruptcy case are:

   a. Debts for most taxes;
   b. Debts incurred to pay for nondischargeable taxes (in a case filed on or after October 17, 2005);
   c. Debts that are domestic support obligations;
   d. Debts for most student loans;
   e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
   f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
   g. Some debts which were not properly listed by the debtor;
   h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
   i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
   j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**